**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                        *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NORMA MALAVE,** | : | **Civil Action No.** |
| **806 Douglass Street** | : | |
| **Reading, PA 19604** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **GoodWest Industries, Inc.,** | : | |
| **48 Quarry Road** | : | |
| **Douglassville, PA 19518** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Norma Malave (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against GoodWest Industries, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act of 1993. In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, GoodWest Industries, Inc. is a manufacturer and distributor of food service dispensers with a location and corporate headquarters located at 48 Quarry

Road, Douglassville, PA 19518.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-02271 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 27, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## EMPLOYMENT BACKGROUND

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On September 12, 2018, Defendant hired Plaintiff in the position of Floater.

21. Plaintiff was well qualified for her position and performed well.

22. In or around April 2019, Plaintiff became a Machine Assembler.

23. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF'S MIGRAINE HEADACHES WORSENED, CAUSING HER TO MISS WORK APPROXIMATELY TWICE PER MONTH

24. In or around the end of 2019, Plaintiff's migraine headaches worsened, and as a result she was forced to call out of work approximately twice per month.

25. The major life activities affected by migraine headaches, include, but are not limited to, concentrating, thinking and working.

26. Defendant was aware of Plaintiff's disability and that it was the reason for her call outs.

## DEFENDANT DID NOT NOTIFY PLAINTIFF OF ANY ISSUES WITH HER ABSENCES CAUSED BY HER MIGRAINE HEADACHES UNTIL SEPTEMBER 22, 2020

27. On September 22, 2020, Tom LNU, Assembly Manager, issued Plaintiff a final written warning due to absences caused by her disability.

28. Plaintiff had not received any previous warning or disciplines for her performance.

29. Plaintiff informed Tom of this and that her absences were due to her disability.

30. Tom informed Plaintiff that he would speak with Tera Schnatter, Human Resource Manager, who had instructed him to issue her this final written warning.

**PLAINTIFF COMPLAINED ABOUT THE FINAL WRITTEN WARNING AND WAS INSTRUCTED TO APPLY FOR INTERMITTENT FMLA LEAVE FOR THE FIRST TIME**

31. Later that day, Plaintiff spoke with Dennis Gordon, Plant Manager, regarding the final written warning.

32. Plaintiff complained about how Defendant was aware of her disability and that it was the cause for her absences.

33. Additionally, Plaintiff complained that Defendant did not follow its progressive disciplinary policy.

34. Mr. Gordon informed Plaintiff that he would take care of it and instructed Plaintiff to request Intermittent Family Medical Leave Act ("FMLA") leave in order to cover her absences caused by her migraine headaches.

35. This was the first time that Defendant notified Plaintiff that she was eligible for Intermittent FMLA leave.

**PLAINTIFF APPLIED AND WAS APPROVED FOR INTERMITTENT FMLA LEAVE**

36. Plaintiff followed Mr. Gordon's instructions and had Amanda M. Misiak, PA-C, complete the Healthcare Provider Certificate of her Intermittent FMLA leave paperwork.

37. Plaintiff proceeded to hand in her Intermittent FMLA leave request paperwork to Ms. Schnatter, who informed Plaintiff that her request for Intermittent FMLA leave was approved.

**PLAINTIFF WAS INSTRUCTED TO TAKE A COVID TEST BY HER PHYSICIAN, DESPITE NOT HAVING ANY SYMPTOMS**

38. On November 6, 2020, Plaintiff had a sleep apnea test scheduled.

39. However, she was unable to attend due to a newly prescribed medication for her migraine headaches which caused her to feel ill.

40. On November 10, 2020, Ms. Misiak instructed Plaintiff to have a COVID-19 test conducted for precautionary measures.

41. Plaintiff was not experiencing any symptoms of COVID-19.

## PLAINTIFF TOOK THE COVID-19 TEST AND REPORTED TO WORK THE FOLLOWING DAY

42. On November 11, 2020, Plaintiff had the COVID-19 test performed at St. Joseph Medical Center.

43. Plaintiff reported to work at Defendant on November 12, 2020, as she was not instructed to quarantine and was not experiencing any symptoms of COVID-19.

## PLAINTIFF TESTED POSITIVE FOR COVID-19 AND WAS INSTRUCTED TO QUARANTINE FOR TWO (2) WEEKS

44. On November 16, 2020, St. Joseph Medical Center informed Plaintiff that she had tested positive for COVID-19.

45. Plaintiff immediately called Ms. Schnatter and informed her of her positive COVID-19 test results.

46. Ms. Schnatter informed Plaintiff that she was to quarantine for two (2) weeks and that she would not lose her job.

47. Plaintiff proceeded to have St. Joseph Medical Center send her test results to Defendant.

## DEFENDANT TERMINATED PLAINTIFF

48. On November 18, 2020, Ms. Schnatter called Plaintiff and informed her that she was terminated for putting her coworkers in danger for coming to work with COVID-19.

49. Plaintiff was not aware and did not have any reason to believe that she had COVID-19.

50. Defendant did not have any health screening questionnaire and only took temperatures of employees as they entered Defendant, which it frequently did not even do.

51. It is Plaintiff's position that she was discriminated against due to her disabilities, denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of the ADA.  In addition, Plaintiff contends that Defendant interfered with her rights under the FMLA and retaliated against her for utilizing her rights under the FMLA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

54. Plaintiff was qualified to perform the job.

55. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

56. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

57. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

58. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

59. The purported reason for Defendant's decision is pretextual.

60. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

61. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

62. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a "qualified individual with a disability" as that term is defined under the

PHRA because Plaintiff has, or had at all time relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

65. Plaintiff has disabilities that substantially limit major life activities.

66. Plaintiff was qualified to perform the job.

67. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

68. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

69. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

70. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

71. The purported reason for Defendant's decision is pretextual.

72. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

73. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

74. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

75. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

76. Plaintiff engaged in activity protected by the ADA when she requested a reasonable accommodation.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

78. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

79. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

80. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation.

81. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

82. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

85. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health conditions.

86. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

87. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

88. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

89. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

90. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

91. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT VI – DISCRIMINATION/RETALIATION
## FAMILY AND MEDICAL LEAVE ACT

92. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

93. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

94. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical conditions.

95. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

96. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

97. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

98. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

99. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

100. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

101. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

102. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Norma Malave, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the PHRA and the FMLA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.


## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: November 24, 2021    **By:**   */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*